UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| HAROLD U. MCGHEE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Criminal Case No. 22-cr-10007 |
| ) | Civil Case No. 25-cv-1107 |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## ORDER AND OPINION

This matter is before the Court on Harold McGhee's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. (D. 152; D. 159).[1] For the reasons set forth below the Motions are DENIED.

### I.     BACKGROUND

In August 2021, a confidential source ("CS-1") informed law enforcement that a drug dealer was supplying large amounts of cocaine to a house on West Millman Street ("Millman house"). According to CS-1, the dealer drove a silver or gray Chevy Malibu. Further investigation revealed that the dealer was Defendant Harold McGhee ("McGhee"). At that time, McGhee was on federal supervised release for two previous narcotics convictions.

Law enforcement investigated McGhee further, obtaining information from other informants and a vehicle tracking warrant issued in state court. Between August and December 2021, law enforcement also conducted three controlled buys. The third buy, which was video recorded, occurred near the LaSalle Street house and a confidential source purchased 8.5 grams of cocaine directly from McGhee. Based on their investigation, law enforcement learned that

---

[1] All citations are to Petitioner's criminal docket *United States v. McGhee*, 22-cr-10007.

McGhee lived on LaSalle Street, drove the Chevy Malibu the CS-1 reported (which was also registered to him), and that he delivered cocaine. *See United States v. McGhee*, 98 F.4th 816, 819 (7th Cir. 2024). In February 2022, agents conducted a trash pull at the LaSalle Street house. Two large garbage cans had been set out in an alley outside the curtilage of the LaSalle house awaiting trash pickup. The officers collected three kitchen sized bags from the cans. Two of the bags contained rubber gloves and baggies with a white powdery residue, which tested positive for cocaine.

On February 9, 2022, DEA agents applied for a federal search warrant for the LaSalle Street house, the Chevy Malibu, McGhee's person, and his electronic devices. The affidavit supporting the warrant recounted details of the investigation, statements by confidential sources, McGhee's criminal drug trafficking history, and his affiliation with the LaSalle Street house. The LaSalle Street house was described in the affidavit as the "SUBJECT PREMISES."

Shortly thereafter, the warranted was executed and police stopped McGhee while he was driving and recovered keys for the LaSalle Street house from his person. Using those keys, they entered the LaSalle Street house and discovered nearly a kilogram of various drugs, including methamphetamine, heroin, fentanyl, marijuana ,and cocaine (powder and crack). Agents also recovered U.S. currency, a loaded handgun from under McGhee's bed, and other drug-related paraphernalia. Several cellphones were also recovered, including one from McGhee's person which contained conversations regarding drug sales and pictures of packaged heroin on a digital scale. During a *Mirandized* interview that same day McGhee initially admitted to possessing all the drugs discovered at his residence, but later denied any knowledge of methamphetamines. He also admitted that he obtained the gun that was found under his bed in exchange for heroin.

McGhee was ultimately indicted with possession with intent to distribute 50 grams or more

of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A); possession with intent to distribute 28 grams or more of mixture or substance containing cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B); possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); possession with intent to distribute heroin in violation 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); possession with intent to distribute fentanyl in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); possessing, carrying, and use of a firearm with drug trafficking in violation of 18 U.S.C. § 924(c); felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e); and possession of a firearm in furtherance of drug trafficking in violation of 21 U.S.C. § 841(a)(1). (D. 33).

During pre-trial proceedings McGhee was appointed counsel who moved to suppress the evidence seized at the LaSalle house and statements McGhee made during his interview. McGhee requested a hearing to challenge the validity of the search warrant under *Franks v. Delaware*, 438 U.S. 154 (1978). He argued the affidavit's use of "SUBJECT PREMISES," in reference to both the LaSalle Street house and the Millman Street house, was impermissibly ambiguous. This Court denied the motion and McGhee's request for a *Franks* hearing. McGhee's appointed counsel then withdrew, and McGhee proceeded pro se until this appeal.

McGhee later filed a renewed motion to suppress challenging the constitutionality of the trash pull because it was executed without a warrant. This Court denied that motion. The Government also filed pre-trial motions seeking to: (1) prohibit McGhee from challenging the lawfulness of the searches or seizures or asking witnesses to identify the confidential sources; and (2) requesting a pretrial ruling that McGhee had three prior convictions qualifying him for a mandatory minimum sentence of fifteen years under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). McGhee objected to the second motion, asserting that one of the underlying

3

convictions was committed when he a minor and did not qualify as a "violent felony." McGhee did, however, acknowledged that the Eighth Amendment did not prohibit the use of the juvenile conviction to enhance his sentence. The Government's motions were granted.

Following five-day jury trial McGhee was found guilty on all counts. About three months later McGhee moved for a new trial, which was denied. This Court sentenced McGhee to 420 months' imprisonment, which was within the guideline range and included the ACCA enhancement. No constitutional objections to the ACCA enhancement were raised at sentencing.

McGhee appealed and appellant counsel was appointed. On appeal, McGhee raised ten challenges to the proceedings that resulted in his conviction and sentence. Only the following four were considered on the merits: (1) denial of McGhee's Motion for a *Franks* hearing; (2) denial of McGhee's motion to suppress evidence recovered from the trash pull; (3) denial of McGhee's request for a confidential source's trial testimony and whether it violated McGhee's Sixth Amendment rights under the Confrontation Clause; and (4) the reasonableness of his sentence. *McGhee*, 98 F.4th at 822–24. The remaining six arguments were dismissed on procedural grounds. *See id.* at 824–26. Ultimately, the judgment of this Court was affirmed in all respects. *Id.* at 826.

Now pending before the Court are McGhee's § 2255 Petition, (D. 152), and Supplemental § 2255 Petition, (D. 159). The § 2255 Petition primarily focuses on various ineffective assistance of appellate counsel claims. McGhee contends that his appellate counsel failed to comply with the rules of appellate procedure when preparing his appellate brief and developing arguments on appeal, deeming them waived. (D. 152). Specifically, McGhee argues that his appellate counsel should have raised on appeal that his constitutional rights were violated: (1) when this Court granted the Government's motions in limine, because it effectively eliminated the same evidence from trial that the Government relied on to obtain the search warrants; and (2) that the state GPS

4

tracking warrants were not properly filed under Federal Rule of Criminal Procedure 41. *Id.* at pp. 19–23.  McGhee also claims he received ineffective assistance of counsel because he "filed motion" within his knowledge but does not further elaborate on this claim. *Id.* at p. 12. In addition to his ineffective assistance of counsel claims, McGhee argues that his Fourth Amendment rights were violated because law enforcement did not comply with Federal Rule of Criminal Procedure 41 in regard to the GPS tracker warrants. Lastly, McGhee asserts that he was denied a fair trial in violation of his Sixth Amendment rights when this Court granted the Government's motion in limine, preventing McGhee from presenting the evidence underlying the government's search warrant at trial.  . *Id.* at pp. 23–27.

McGhee's Supplemental § 2255 Petition added the argument that he received ineffective assistance of appellate counsel because they failed to argue on appeal that the evidence obtained from the GPS tracking violated the Fourth Amendment's Exclusionary Rule. (D. 159). The Government filed a Response in Opposition arguing that all his claims lack merit and that his standalone Sixth Amendment claim is also procedurally defaulted. (D. 161).

## II.   LEGAL STANDARD

Section 2255 provides that a prisoner "may move the court which imposed the sentence to vacate, set aside, or correct the sentence" on the basis that his conviction or sentence was imposed "in violation of the Constitution or laws of the United States . . ." 28 U.S.C. § 2255(a). Such motions seek "an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007).  Unlike a direct appeal, where a defendant can raise nearly any error, relief in § 2255 proceedings is permitted only for "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a

complete miscarriage of justice." *Harris v. U.S.*, 366 F.3d 593, 594 (7th Cir. 2004) (quoting *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991). A district court may dismiss a section 2255 motion "if the allegations in the motion are unreasonably vague, conclusory, or incredible, or if the factual matters raised by the motion may be resolved on the record before the district court." *Oliver v. United States,* 961 F.2d 1339, 1343 n. 5 (7th Cir. 1992).

### III.    DISCUSSION

**A. Ineffective Assistance of Counsel Claims:**

"The right to counsel is the right to effective assistance of counsel." *Missouri v. Frye*, 566 U.S. 134, 138 (2012) (citing *Strickland v. Washington*, 466 U. S. 668, 686 (1984)). To prevail on an ineffective assistance of counsel claim, a petitioner must show that: (1) "counsel's performance was deficient," and that (2) "the deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687. Because the *Strickland* test requires both deficient performance and prejudice, an ineffective assistance of counsel claim can fail for lack of prejudice "without ever considering the question of counsel's actual performance," and vice versa. *United States v. Taylor*, 569 F.3d 742, 748 (7th Cir. 2009).

To demonstrate prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. To establish deficient performance, "the petitioner must show 'that counsel's representation fell below an objective standard of reasonableness.'" *Koons v. United States*, 639 F.3d 348, 351 (7th Cir. 2011) (quoting *Strickland*, 466 U.S. at 688)). "The question is whether an attorney's representation amounted to incompetence under prevailing professional norms, not whether it deviated from best practices or most common custom." *Sussman v. Jenkins*, 636 F.3d 329, 349 (7th Cir. 2011) (internal quotations and citation omitted).

6

To be entitled to relief under § 2255, including under the *Strickland* standards, "the petition must be accompanied by a detailed and specific affidavit which shows that the Petitioner had actual proof of the allegations going beyond mere unsupported assertions." *Kafo v. United States*, 467 F.3d 1063, 1067 (7th Cir. 2006). As mentioned, a district court may dismiss a § 2255 motion "if the allegations in the motion are unreasonably vague, conclusory, or incredible, or if the factual matters raised by the motion may be resolved on the record before the district court." *Oliver*, 961 F.2d at 1343.

Before addressing the merits of McGhee's claims under *Strickland* the Court finds the following alleged failures are insufficient to state a plausible ineffective assistance of counsel claim under § 2255: (1) failure to properly prepare the appellate brief in accordance with appellate court rules; (2) failure to develop several arguments on appeal deeming them waived; (3) failure to raise arguments concerning Government's motion in limine; and (4) failure to raise arguments concerning the violation of McGhee's constitutional rights. These allegations as pleaded are unreasonably vague and do not state an "error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Harris*, 366 F.3d at 594. Because these grounds fail to allege sufficient facts showing McGhee is entitled to relief due to ineffective assistance of counsel, they are dismissed. McGhee's claim that his counsel was ineffective because he filed motions without his knowledge also fails for the same reasons.

While McGhee's argument that his appellate counsel should have challenged the Government's motion in limine is slightly less vague, it still fails for lack of information. McGhee does not identify what specific evidence the motion excluded, and only states that the argument "would have had merit, due to constitutional implications." (D. 152, p. 20). McGhee fails to state,

7

however, how his counsel's performance was deficient and how he was prejudiced as a result. Furthermore, to the extent McGhee is referring to this Court granting the Government's request to exclude the testimony of a confidential informant, whose voice was heard on a video during the controlled buy video, the Seventh Circuit has already addressed that this issue on appeal, stating:

> The Confrontation Clause "does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted." *Crawford v. Washington*, 541 U.S. 36, 59 n.9, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). "[S]tatements providing context for other admissible statements ... are not offered for their truth." *United States v. Van Sach*, 458 F.3d 694, 701 (7th Cir. 2006). Therefore, "[t]he admission of recorded conversations between informants and defendants is permissible where an informant's statements provide context for the defendant's own admissions." *Foster*, 701 F.3d at 1150.
>
> The district court did not violate McGhee's Confrontation Clause right. The court permitted the playing of the video only as proof that the controlled buy occurred because McGhee's own questioning had opened the door. Whether the source's statements are true "is ... immaterial." *Id.* at 1151. McGhee had no right to confront the confidential source.

*McGhee*, 98 F.4th at 823. To the extent McGhee is arguing that his counsel should have raised other constitutional challenges in additional to his rights under the Confrontational Clause, those arguments have not been adequately developed and presented. *See Oliver*, 961 F.2d at 1343.

McGhee's claim that his appellate counsel was ineffective for failing to challenge the GPS tracker warrants also fails. Specifically, McGhee argues that the "GPS tracker and procedures used to obtain a search warrant for installation" were not in compliance with Federal Rule 41 of Criminal Procedure because the police submitted an affidavit directly to the state court judge, which is unlike the procedure used in federal court were the U.S. Attorney is also involved. (D. 152, pp. 21-22 (quoting 05/06/2022 transcript where McGhee was representing himself)). Though this ineffective counsel claim is slightly more developed than McGhee's other grounds it still defective. First, McGhee failed to challenge the GPS tracker warrants when this Court was initially considering this issue. He also represented himself for many of the pre-trial proceedings and could

have raised the issue on his own behalf then, but did not. *See Delatorre v. United States*, 847 F.3d 837, 843–44 (7th Cir. 2017) (stating a procedural default will not be excused if the defendant is aware of the facts giving rise to the alleged constitutional violation and fails to raise the issue before the trial court). Furthermore, even if McGhee's appellate counsel could have argued that this issue was merely forfeited and not waived, McGhee's § 2255 Petition does not identify what constitutional challenges his appellate counsel should have raised, or how he was prejudiced as a result. *See Strickland*, 466 U.S. at 694 ("defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.").

Rather, McGhee argues that his appellate counsel should have argued that the tracker warrants did not comply with Federal Rule of Criminal Procedure 41 and that his constitutional rights were violated as a result. The tracker warrants, however, were filed in state court, under state law, and were issued by a state court judge. The Federal Rules of Criminal Procedure do not govern those proceedings. *See* Fed. R. Crim. P. 1(a)(1) ("These rules govern the procedure in all criminal proceedings in the United States district courts, the United States courts of appeals, and the Supreme Court of the United States."). Additionally, McGhee ignores that his appellate attorney did take issue with the state tracker warrant procedure and specifically raised that they had not been filed with the state clerk's office in support of his argument that they could have been falsified. The Seventh Circuit addressed this argument stating:

> The fact that the tracker warrants were never filed is not proof that they were falsified. McGhee's conclusory statement does not follow from his offer of proof. *See United States v. Johnson*, 580 F.3d 666, 671 (7th Cir. 2009) (concluding that defendant failed to meet burden to show falsity of warrant where he "provide[d] no evidentiary basis" for that assertion).

*McGhee*, 98 F.4th at 822.

9

Additionally, even if Rule 41 applied to the state court proceedings, the Seventh Circuit has held that "violations of federal rules do not justify the exclusion of evidence that has been seized on the basis of probable cause and with advance judicial approval." *United States v. Berkos*, 543 F.3d 392, 396 (7th Cir 2008) (quoting *United States v. Cazares–Olivas*, 515 F.3d 726, 730 (7th Cir.2008) (internal quotations omitted). This is because "allowing a defendant to go free based on a violation of Rule 41's requirements for obtaining a proper search warrant would be 'wildly out of proportion to the wrong.'" *Id.* As a result, McGhee has failed to show how his appellate counsel's performance was deficient for failing to raise these arguments, or how he was prejudice as a result.

Finally, although McGhee's Supplemental § 2255 Petition adds that his appellate attorney should have argued that the evidence obtained from the GPS tracking warrant violated the Fourth Amendment's exclusionary rule his only support for this argument is that the evidence was obtained in violation of the Federal Rules of Criminal Procedure. For the reasons stated above that argument fails.

### B. McGhee's Fourth and Sixth Amendment Claims:

McGhee also asserts a claim under the Fourth and Sixth Amendments. Under the former, McGhee argues the evidence obtained through the GPS tracker warrants should have been excluded because the underlying warrant was improper. Under the Sixth Amendment, McGhee argues he was deprived of a fair trial because the Court refused to allow him to introduce evidence regarding the identities of the government's confidential informants.

A claim cannot be raised for the first time in a § 2255 petition if it could have been raised before the trial court or on direct appeal. *Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009). When a movant fails to properly raise his constitutional claims on direct review, Petitioner's

procedural default may be excused only if he can show either "(1) actual innocence or (2) cause and prejudice." *Delatorre v. United States*, 847 F.3d 837, 843 (7th Cir. 2017) (citing *Bousley v. U.S.*, 523 U.S. 614, 622 (1998)). A petitioner shows "cause and prejudice" by demonstrating both "(1) good cause for his failure to raise the defaulted claim[s] before collateral review and (2) actual prejudice stemming from the violations alleged in the defaulted claims." *Id*. (citing *Theodorou v. United States*, 877 F.2d 1336, 1340 (7th Cir. 1989)). Here, McGhee's Fourth Amendment and Sixth Amendment claims could have been, but were not, raised before this Court or on direct appeal. These claims are routinely found to be procedurally barred under § 2255. Therefore, McGhee must show either actual innocence or cause and prejudice to consider these grounds for relief.

McGhee does not appear to claim actual innocence, and therefore the Court must consider whether there is cause and prejudice to excuse McGhee's procedurally defaulted claims. A procedural default will not be excused, however, if the defendant was aware of the facts of the alleged constitutional violation and failed to raise the issue prior collateral review. *Delatorre,* 847 F.3d at 843-44 (holding that when a defendant is "aware of *all* of the facts giving rise to the alleged violation," he cannot establish cause to justify the procedural default). Nothing in the record indicates that McGhee was unaware of all the facts giving rise to his requests for relief relating to the issues with the state tracker warrants, which is the basis for both his Fourth and Sixth Amendment violation claims. (D. 152, pp. 23-26). In fact, McGhee was present during all pre-trial proceedings where issues relating to the state tracker warrants were addressed and could have raised these constitutional challenges; but did not . (D. 21, pp. 3-4). He also could have objected to the Government's pretrial request barring McGhee from challenging the lawfulness of the

11

searches and seizures and declined to do so. As the Court does not find cause of McGhee's failure to raise these grounds prior to collateral review, those grounds are procedurally defaulted.

Furthermore, even if these claims were not procedurally barred, they should still be dismissed on the merits. First, McGhee's claim that evidence was obtained from a GPS tracker that was installed in violation of the Fourth Amendment and the exclusionary rule fails for the reasons set forth above under McGhee's ineffective assistance of counsel claims, and because the exclusionary rule claims are barred under *Stone v. Powell,* 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976). In *Stone*, the Supreme Court held that: "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Id.* at 494, 96 S.Ct. 3037. This is because the added deterrent effect from law enforcement authorities "fear[ing] that federal habeas review might reveal flaws in a search or seizure that went undetected at trial and on appeal" is minimal and "would be outweighed by the acknowledged costs to other values vital to a rational system of criminal justice." *Id.* at 493–94. This Court has determined that the principles of *Stone* apply equally to § 2255 motions. *Owens v. United States,* 387 F.3d 607, 609 (7th Cir.2004)*; Brock v. United States*, 573 F.3d 497, 500 (7th Cir. 2008).

Here, McGhee has not provided any argument or evidence showing that he was previously denied a fully and fair opportunity to litigate this claim. Finally, McGhee's claim that he was denied a fair trial under the Sixth Amendment because the Court granted the Government's motion in limine again is conclusory and unreasonably vague. McGhee does not identify specific evidence or provide any evidence showing how his constitutional rights were violated. Therefore, dismissal of these claims is appropriate.

## IV.     CERFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing § 2255 proceedings require the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." As such, the Court must determine whether to grant Petitioner a certificate of appealability under 28 U.S.C. § 2253(c)(2). Under the AEDPA, a certificate of appealability "may not issue 'unless the applicant has made a substantial showing of the denial of a constitutional right.'" *Slack v. McDaniel*, 529 U.S. 473, 483 (2000) (quoting 28 U.S.C. § 2253(c)). This requires the petitioner to demonstrate that reasonable jurists could debate whether this Court should have resolved the petitioner's claims differently, or that the issues were "adequate to deserve encouragement to proceed further." Consistent with the discussion above, the Court declines to issue a certificate of appealability as Petitioner cannot make the requisite showing for his claims.

## V.     CONCLUSION

For the reasons stated above, Petitioner's [152], [159] Motions to Vacate, Set Aside, or Correct Sentence under § 2255 are DENIED, and the Court declines to issue a certificate of appealability. This case is now TERMINATED, and the Clerk of Court is instructed to close the case.

ENTERED this 10th day of September 2025.

/s/ Michael M. Mihm
Michael M. Mihm
United States District Judge